Colcock, J.
delivered the opinion of the Court,
I am not disposed, in considering this case, to call in question the general doctrines of the counsel for the complainant. Fraud is a Subject of equity jurisdiction; and the discovery of written evidence after verdict, is, according to circumstances, a ground for a new trial, or of equity jurisdiction. But neither of these positions, nor any others, that I am aware of, will support a direct appeal from the decision of a Court of law, having co-extensive jurisdiction of the Subject matter. If the negligence of a party, or of those concerned for him, in the management of a cause, were a ground of equity jurisdiction, I should not doubt the right of the complainant to come here for relief; for it is obvious, thpt'this was asimple case, involvjpg no sort of difficulty, either as to the facts, or the law, I will consider the objections made, in their order.
It is said, the defendant was a lunatic. Then he was, or wp.s not, liable to a suit, according to circumstances. If he was not represented, he could not be sued. If he was, then the suit was legal. But it is left doubtful whether he was sufficiently recovered to attend personally to his affairs : although it is admitted, that if he was not so recovered, h¡s committee was still in commission, and consequently he was represented. Butit is asked, what could the committee know of the transactions of the complainant! The answer is, that in such a case as the present, they could, and did know, as much as the complainant could have known if he had not been a lunatic; and that any one *117 man was as well qualified to defend the action as any other. What could the surety know of the defalcations of his principal ? When the bill of particulars was filed, the infoimation was immediately afforded which was necessary for the defence. The complainant, • • , ** . . or his committee, might have summoned the parties, plaintiffs, and defendants, if necessary, to say how much the deputy had received from the one, and paid to the other. And as to the principal, he was in the State when the suit was commenced, and might have been detained here.
Next it is urged, that the action was on a penal bond, and that no verdict was had, that is, legally taken on the condition of the bond. There was a verdict in fact, but it is insisted to have been a fraudulent one. In a case settled at law according to the provisions of the act of 1792, the determination must be final, and the jurisdiction of the Court of Equity concluded, or otherwise, the act was a work of mere supererogation. And if the preceding was irregular, what was there to prevent the party from taking advantage of the informality, by pleading, or appeal 1
Again. It is said that the defendant, by answering, and not appealing from the order of the Chancellor, directing a reference, admitted the jurisdiction of the Court. As to the answer, although it admits the fact of recovering too much in the Court of L aw, it does not follow that the jurisdiction was admitted. Indeed, it is said by the defendant’s counsel, thatit was disputed. On the question, whether the defendant should have appealed, we have only to remark, that it has been found difficult, in all cases, to apply the rule of this Court, that no case can be brought up until a final decision; and therefore the counsel might well doubt in this* case. But this is a two-edged argument; for if the defendant should have appealed on the reference, it was much more the duty of the complainant to appeal on the dissolution of the injunction, for then he was clearly left at the mercy of the defendant.
The Court, feeling great reluctance to turn a party round, after a long litigation, consented to by both parties, have gone, it must be admitted, great lengths, but, I think, not so far, as to sustain entirely such a bill as this. In that spirit, we will suffer the complainant to have the benefit of the admission of the defendant, but without costs.
*118 Evans, J. concurred.
Johnson, J. absent, from indisposition.

Decree modified.